## CIRCUIT COURT OF THE CITY OF RICHMOND

Psychiatric Solutions of Virginia, Inc.,
d/b/a Whisper Ridge Behavioral
Health System-Charlottesville

v.

Patrick W. Finnerty,
Director, Commonwealth of Virginia,
Department of Medical
Assistance Services

July 9, 2008

Case No. CL07-3719

BY JUDGE MELVIN R. HUGHES, JR.

In this case, Psychiatric Solutions, d/b/a Whisper Ridge, appeals a hearing officer's recommended administrative case decision. The decision, which was upheld by the Director of the Virginia Department of Medical Assistance Services (DMAS), disallows medical payments under Medicaid for psychiatric counseling services provided to resident children and adolescent patients at Whisper Ridge in Charlottesville, Virginia, a provider of such services under a Provider Agreement.

DMAS issued a retraction of the payments after an audit conducted between February 2006 and March 3, 2006. The case decision of June 5, 2007, determined that Whisper Ridge failed to appropriately document the provision of twenty-one treatment interventions over a 578 week period from August 2004 through February 27, 2006. DMAS found that Whisper Ridge has been overpaid $761,135.60.

The controversy centers around information contained in Therapeutic Group Activities Forms used by Whisper Ridge to document the provision of counseling interventions with its residents. DMAS found that the forms do not

comply with the agency's Manual Documentation Provision. The Manual requires DMAS licensed facilities like Whisper Ridge to provide twenty-one treatment interventions per week to each resident. Again, DMAS found that Whisper Ridge failed to properly document the provision of twenty-one distinct treatment interventions to each resident each week. Relying on well-known limiting rules applicable to a court's review of agency action, DMAS asks that Whisper Ridge's appeal be dismissed. See *Johnston-Willis v. Kenley*, 6 Va. App. 231, 369 S.E.2d 1 (1988). The court agrees.

When Whisper Ridge signed on with DMAS to provide psychiatric services under the Provider Agreement, it agreed to comply with all applicable state and federal law as well as the agency's policies and procedures. In its Psychiatric Services Provider Manual (PSPM), DMAS sets out documentation standards which state that providers of psychiatric services must "[m]aintain and retain the business and professional records sufficient to document fully and accurately the nature, scope, and details of the health care provided." PSPM, Chapter II, page 6, 1/6/04 version. The agency found and the hearing officer agreed that the Whisper Ridge Forms were deficient by not indicating the specifics of the interventions, by not being child specific, not providing how session activities related to patient specific treatment goals, the specific duration of the session, and the child's level of participation. It also found that the forms did not all contain dates and signatures of the person who conducted planned therapeutic interventions as required in the PSPM. Whisper Ridge contends that it has satisfied the twenty-one intervention requirement and that its documentation methods meet and exceed what is required. Thus, the retraction should not stand. It argues further that, even if it can be found that its forms fail to strictly comply with documentation requirements, as a contractual matter under its contract with DMAS, there is substantial compliance which should avoid the retraction.

Whisper Ridge's Therapeutic Group Activities Form consists of preprinted boxes for "Current Events," "Men's or Women's Issues," "Health Group," or "Alternate Group." The Form also contains underneath of each of these categories other boxes to be checked as to whether patients had completed "0-30 min.," more than "30 minutes," "31-60 min.," and were "Active," "Minimal" or "None." While I agree with Whisper Ridge that DMAS has not questioned the nature of services provided, relying instead on a finding that the documentation is insufficient, on examination of the requirements, the court also agrees with DMAS that it is not unreasonable, in the context of an agency appeal, that the fact finder could find that the reporting documentation system is wanting when viewed against the standards

set out in the PSPM. For example, the noted duration of patient participation as more than thirty minutes does not relate the specific duration of the session. PSPM, Chapter IV, pages 15-16, provides that the duration of the session must be included in medical record documentation. This and other deficiencies found how the activities of the session relate to a given patient's specific treatment goals has a basis in the record, even though Whisper Ridge's evidence through its interpretation and its witness support its view that they do. On judicial review of agency decisions, the court is required to allow the agency deference when there is evidentiary support of a factual finding. *Johnston-Willis v. Kenley*, 6 Va. App at 46, 369 S.E.2d at 9; *Avante, etc. v. Teepy*, 28 Va. App. 156, 160, 502 S.E.2d 708, 710 (1998).

As noted, Whisper Ridge contends that, as a matter of contract, in this instance to provide services for payment under Medicaid under a contract, the test is whether there has been substantial compliance with the documentary requirements. To this, DMAS argues that such a defense by a provider is unavailable because equitable-type considerations are not recognized under the Virginia Administrative Process Act, Va. Code §§ 2.2-4000 *et seq*. As has been mentioned, as a provider of services for Medicaid payment, Whisper Ridge agreed to comply with state and federal law policy and procedures. Even on the question of substantial performance, the fact remains that there is evidentiary support for the agency's determinations of documentation deficiency which the court is not authorized to disturb. Whisper Ridge's argument on this point does not rise to the level of the agency's not acting in accordance with law or the commission of a procedural error sufficient to justify a reversal on appeal. See Va. Code § 2.2-4027 (the burden is on the party appealing an agency decision to show error). "Where the agency has the statutory authorization to make the kind of decision it did and it did so within the statutory limits of its discretion and with the intent of the statute in mind, it has not committed an error of law. . . ." *Johnston-Willis v. Kenley*, 6 Va. App. at 242, 369 S.E.2d at 7.

Finally, there are the questions of estoppel and Whisper Ridge's contention that the agency position serves to elevate the manual and its requirements from mere guidance documents to a regulation having the force of law. Under the Virginia A.P.A., a distinction is made between "guidance documents" and the promulgation of a "rule" or "regulation." The latter has the "force of law." See Va. Code § 2.2-4001. The fact remains, however, that Whisper Ridge agreed to comply with DMAS policy when it signed on to be a provider of services. Federal regulations allowing authority to the states to issue policy directives in connection with Medicaid to meet objectives of the

program and state regulations governing care covered by the program authorize the kind of documentation specified. And, of course, any prior findings by DMAS to conduct an audit earlier do not preclude the agency findings based on the in the instant audit action. Estoppel would not apply to DMAS acting as it did in a governmental capacity.

For the foregoing reasons, the court will decide to uphold the agency case decision.